R. Matthew Pettigrew, Jr.
Markowitz & Richman
1100 North American Building
121 South Broad Street
Philadelphia, PA 19107
215-875-3132

Attorneys for Plaintiff
_____

| | | |
|---|---|---|
| WILLIAM J. EINHORN, ADMINISTRATOR OF | : | UNITED STATES DISTRICT COURT |
| TEAMSTERS HEALTH & WELFARE TRUST | : | |
| FUND OF PHILADELPHIA & VICINITY AND | : | DISTRICT OF NEW JERSEY |
| THE TEAMSTERS PENSION TRUST FUND | : | |
| OF PHILADELPHIA & VICINITY | : | |
| Suite 400 | : | CIVIL ACTION |
| 6981 North Park Drive | : | |
| Pennsauken, New Jersey  08109 | : | NO. |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| HIGHWAY SAFETY SYSTEMS, INC. | : | |
| 716 White Horse Pike | : | |
| Hammonton, NJ 08037, | : | |
| | : | COMPLAINT |
| Defendant | : | |

_____

The plaintiff, William J. Einhorn, Administrator of the Teamsters Health & Welfare Trust Fund of Philadelphia & Vicinity and the Teamsters Pension Trust Fund of Philadelphia & Vicinity, by and through his attorneys, Markowitz & Richman, hereby files this complaint, and with regard to the defendant, Highway Safety Systems, Inc., alleges:

1

JURISDICTION AND VENUE

1. This action is instituted under, and by virtue of, Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185, to collect unpaid fringe benefit contributions.

2. This Court has jurisdiction over this matter pursuant to Sections 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), Section 301 of the LMRA, and 28 U.S.C. § 1331.

3. Venue is proper pursuant to Section § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and 28 U.S.C. § 1391(b).

PARTIES

4. The plaintiff, William J. Einhorn ("Einhorn"), is the Administrator of the Teamsters Health & Welfare Trust Fund of Philadelphia & Vicinity ("Health Fund") and the Teamsters Pension Trust Fund of Philadelphia & Vicinity ("Pension Fund"). Einhorn is a fiduciary of the Health Fund and the Pension Fund within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

5. The Health Fund and the Pension Fund are multi-employer benefit funds within the meaning of Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and 1002(37). (The Health Fund and the Pension Fund are at times referred to herein collectively as the "Funds.") The Funds receive and administer contributions from various contractors who are obligated to make contributions thereto by virtue of their having agreed to be bound by collective bargaining agreements with various local unions affiliated with the International Brotherhood of Teamsters, including Local 676 ("Union"). The

Funds' office is located at Suite 400, 6981 North Park Drive, Pennsauken, New Jersey 08109.

6. The defendant, Highway Safety Systems, Inc. ("Highway") is a New Jersey corporation with an address of 716 White Horse Pike, Hammonton, New Jersey 08037.

## BACKGROUND

7. Highway's employees who are represented by the Union are participants in and beneficiaries of the Funds.

8. Highway is a party to a collective bargaining agreement ("Agreement") with the Union and, as such, is bound by the terms of the Agreement. (A copy of the relevant portions of the Agreement is attached hereto as Exhibit A.)

9. The Agreement requires Highway to make timely contributions to the Health Fund and to the Pension Fund for each hour worked by each employee.

## COUNT ONE

## BREACH OF CONTRACT

10. Paragraphs 1 through 9 of this Complaint are re-alleged as if fully set forth herein.

11. At all times relevant to this lawsuit, Highway employed individuals whose wages, hours, and terms and conditions of employment were governed by the Agreement.

12. In accordance with the Agreement, Highway is required to make specific contributions to the Health Fund and to the Pension Fund for each hour worked by each employee.

13. In accordance with the Agreement, Highway is required to pay its contributions to the Funds on a monthly basis.

14. In accordance with the Agreement, late contributions are subject to liquidated

damages of 10%.

15. An audit conducted by the Funds' auditors for the years 2011 and 2012 disclosed that Highway has failed to make complete and timely contributions to the Health Fund and to the Pension Fund.

16. The audit disclosed that Highway failed to pay contributions in the amount of $4,868.55 to the Health Fund for 2012.

17. The audit disclosed that Highway failed to pay liquidated damages in the amount of $1,067.07 to the Health Fund for 2012.

18. The audit disclosed that Highway failed to pay contributions in the amount of $9,195.25 to the Pension Fund for 2011.

19. The audit disclosed that Highway failed to pay contributions in the amount of $4,982.96 to the Pension Fund for 2012.

20. The audit disclosed that Highway failed to pay liquidated damages in the amount of $1,297.11 to the Pension Fund for 2011.

21. The audit disclosed that Highway failed to pay liquidated damages in the amount of $498.28 to the Pension Fund for 2012.

22. Highway's failure to make the foregoing payments to the Funds constitutes breach of the Agreement.

## COUNT TWO

## VIOLATION OF ERISA

23. Paragraphs 1 through 22 of this Complaint are re-alleged as if fully set forth herein.

24. Section 515 of ERISA, 29 U.S.C. § 1145, requires that every employer, who is

obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collective bargaining agreement, shall do so in accordance with such plan or agreement.

25. Section 502(g) of ERISA, 29 U.S.C. § 1132(g)(2), provides that in any action instituted for on or behalf of a multi-employer plan to enforce the payment of delinquent contributions, the Court shall, if judgment is entered in favor of the plan, award the plan: (a) the unpaid contributions, plus (b) interest on the unpaid contributions, plus (c) an amount equal to the greater of (i) interest on the unpaid contributions or (ii) liquidated damages provided for under the plan in amount not in excess of 20 percent (or such higher percentage as may be permitted under federal or state law) of the amount determined by the Court under subparagraph (a), plus (d) reasonable attorney's fees and costs of the action, plus (e) such other legal or equitable relief as the court deems appropriate.

26. Highway's failure to make contributions to the Health Fund and to the Pension Fund constitutes a violation of ERISA.

WHEREFORE, the plaintiff prays that this Honorable Court grant the following relief:

(a) an Order directing the defendant to provide the Funds' auditors with access to its books and records for the purpose of determining the total amount of contributions owed by the defendant;

(b) judgment in favor of the plaintiffs in the amount of $21,909.22, plus any additional amounts determined by the Funds' auditors to be owed, plus the amount of any unpaid contributions that arise or are discovered subsequent to the commencement of this lawsuit;

(c) interest on the unpaid contributions;

(d) liquidated damages as provided by ERISA and the Agreement;

(e) the reasonable costs, auditor's fees, and attorney's fees incurred by the plaintiff in connection with this action;

(f) an Order directing the defendant to make future contributions in a timely fashion and in accordance with the Agreement and ERISA; and

(g) such other legal and equitable relief this court deems just and proper and/or to which the plaintiff is otherwise entitled.

Respectfully submitted,

MARKOWITZ & RICHMAN

| October 3, 2012 | /s/ R. Matthew Pettigrew, Jr. |
|---|---|
| Date | R. Matthew Pettigrew, Jr. |
| | 1100 North American Building |
| | 121 South Broad Street |
| | Philadelphia, PA  19107 |
| | 215-875-3132 |

Attorneys for Plaintiffs